UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

EARL CLAYTON, III                                                                                       PETITIONER

v.                                                                       CIVIL ACTION NO. 4:24-CV-P55-JHM

JASON WOOSLEY                                                                                       RESPONDENT

### MEMORANDUM OPINION

Petitioner Earl Clayton, III, an inmate currently incarcerated in the Grayson County Detention Center (GCDC), filed the instant *pro se* action against GCDC Jailer Jason Woosley seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition (DN 1) is now before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] For the reasons that follow, the Court will summarily dismiss the instant action.

### I.

As grounds for the petition, Petitioner states, "Conditions of confinement violate 8th Amendment and 14th Amendment" and "Deliberate indifference to medical needs." Plaintiff asserts that he injured his back while incarcerated at GCDC. He states as follows:

> I have been treated at [GCDC] for eight months and my back injury has gotten worse. I have extreme pain in my legs and lower back. I have lost mobility; I am unable to stand for any period of time over two minutes. I am also experiencing pain in my neck. I have been treated with Ibuprofen and Flexeril. Neither medication relieved the pain. The Doctor recommended Rehab or seeing a Chiropractor which was denied. Other medication that was given to me caused severe dizziness, stomach upset and nausea, the medical staff advised me to "hold food off my tray."

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

As relief, Petitioner requests, "To be examined by public hospital or private doctor or moved to medical facility to support health needs."

## II.

An inmate's claims are properly brought under § 2241 when they "challenge the fact or extent of [the inmate's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). A petitioner's claims which do not affect either the validity of his conviction or the duration of his sentence, but instead affect only the conditions of his confinement may not be brought under § 2241. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (holding that "§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."); *Jones v. LeMasters*, No. 23-112-DLB, 2023 U.S. Dist. LEXIS 212120, at *1 (E.D. Ky. Nov. 29, 2023) (dismissing habeas petition where inmate sought "an order to compel proper medical treatment and transfer to a prison that can provide more extensive medical care" finding relief could not be sought under § 2241). In this circumstance, the Sixth Circuit Court of Appeals has instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

Therefore, by separate Order, the Court will deny the petition without prejudice to Petitioner's right to assert his claims in a civil rights action.

The **Clerk of Court is DIRECTED** to send Petitioner a 42 U.S.C. § 1983 complaint form packet for his use should he wish to file an action.

Date:   June 10, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Petitioner, *pro se*
4414.010

3